Allison Schmidt, Esq.
Nevada Bar # 10743
GHIDOTTI BERGER, LLP
8716 Spanish Ridge Ave, #115,
Las Vegas, NV  89148
Tel: (949) 427-2010 Ext. 1009
Fax: (949) 427-2732
aschmidt@ghidottiberger.com

Attorneys for Secured Creditor
BCMB1 Trust, its successors and assigns

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA – RENO DIVISION

| | |
|---|---|
| In re: | CASE NO.: 20-50583-btb |
| | Chapter 13 |
| DARREN S. RAICHLE, | |
| AMBER L. RAICHLE, | OBJECTION TO CONFIRMATION OF DEBTORS' CHAPTER 13 PLAN |
| | Hearing Date: September 17, 2020 |
| | Hearing Time: 3:00 p.m. |

**OBJECTION TO CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN**

TO THE HONORABLE JUDGE BRUCE T. BEESLEY, UNITED STATES BANKRUPTCY JUDGE, THE DEBTOR, AND THE CHAPTER 13 TRUSTEE, WILLIAM A. VAN METER:

BCMB1 Trust, ("**Creditor**"), a secured creditor of the above-named Debtors hereby objects to the confirmation of Debtor's Chapter 13 Plan (the "**Plan**").

Creditor is entitled to receive payments pursuant to a Promissory Note which matures post-petition on March 1, 2022 and is secured by a Deed of Trust on the subject property commonly known as 736 Hornet Dr., Gardnerville, NV 89460 ("Property").

As of June 11, 2020, the total secured claim was $288,145.26, as described in Proof of Claim number 5-1 filed on August 20, 2020. Secured Creditor files this Objection to protect its interests.

Application of the provisions of *11 United States Code Section 1325* determines when a Plan shall be confirmed by the Court.  Under 11 U.S.C. §1325, the provisions for plan confirmation in a Chapter 13 have been set.  Unless otherwise ordered, under 11 U.S.C. § 1326(a)(1), the Debtor shall commence making the payments proposed by the Plan within 30 days after the Petition is filed.  The Plan must comply with all applicable provisions of 11 U.S.C. § 1325 to be confirmed.

The proposed Plan does not set forth a reasonable schedule and time period for the payment to Secured Creditor.  The payoff period and monthly repayment amount seeking to extend the maturity date proposed by the Debtor is unreasonable. The plan seeks to cure the arrearages owed to Secured Creditor over 36 months, which is well beyond the maturity date of the claim. The full amount of the claim should be provided for with appropriate interest over the term of the plan as the loan has now matured. Furthermore, the Plan does not adequately provide for the maintenance and payment of real property taxes and insurance on the Property over the term of the Plan.

Furthermore, the plans provision for participation in the Court's mortgage modification mediation program is unreasonable as the Debtor was recently reviewed and denied a loan

modification pre-petition. Likewise, the Debtor's Schedule I and J evidence a negative monthly income, which is insufficient to support a loan modification or to support a feasible plan.

WHEREFORE, Creditor objects to confirmation of the Plan and requests as follows:

a. The Plan be denied confirmation and the case be dismissed.

DATED: August 28, 2020                    GHIDOTTI BERGER, LLP

By: /s/ Allison Schmidt, Esq.
    Allison Schmidt, Esq.
    Attorney for Creditor

| | |
|---|---|
| 1 | Allison Schmidt, Esq. (Bar No.: 10743) |
| 2 | GHIDOTTI | BERGER LLP |
|   | 8716 Spanish Ridge Ave, #115, |
| 3 | Las Vegas, NV  89148 |
|   | Tel: (949) 427-2010 |
| 4 | Fax: (949) 427-2732 |
| 5 | aschmidt@ghidottiberger.com |
| 6 | Attorneys for Secured Creditor |
|   | BCMB1 Trust, its successors and assigns |

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA – RENO DIVISION

| | | |
|---|---|---|
| In Re: | ) | CASE NO.:  20-50583-btb |
|   | ) | |
| DARREN S. RAICHLE, | ) | CHAPTER 13 |
| AMBER L. RAICHLE, | ) | |
|   | ) | **CERTIFICATE OF SERVICE** |
| Debtor. | ) | |

### **CERTIFICATE OF SERVICE**

I am employed in the County of Orange, State of California.  I am over the age of eighteen and not a party to the within action.  My business address is: 1920 Old Tustin Ave., Santa Ana, CA 92705.

I am readily familiar with the business's practice for collection and processing of correspondence for mailing with the United States Postal Service; such correspondence would be deposited with the United States Postal Service the same day of deposit in the ordinary course of business.

On August 28, 2020 I served the following documents described as:

- **OBJECTIONS TO CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN**

on the interested parties in this action by placing a true and correct copy thereof in a sealed envelope addressed as follows:

(Via United States Mail)

| **Debtors:**<br>Darren S. Raichle<br>Amber L. Raichle<br>736 Hornet Drive<br>Gardnerville, NV 89460<br><br>**Debtor's Counsel**<br>Kevin A. Darby<br>Darby Law Practice, LTD<br>4777 Caughlin Pkwy<br>Reno, NV 89519 | **Chapter 13 Trustee:**<br>William A. Van Meter<br>POB 6630<br>Reno, NV 89513 |
|---|---|

  xx    (By First Class Mail) At my business address, I placed such envelope for deposit with the United States Postal Service by placing them for collection and mailing on that date following ordinary business practices.

  _____ Via Electronic Mail pursuant to the requirements of the Local Bankruptcy Rules of the Eastern District of California

  xx  (Federal) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

      Executed on August 28, 2020 at Santa Ana, California

/s/ *Ana Palacios*
Ana Palacios

2
CERTIFICATE OF SERVICE